IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY WRIGHT, | : | |
| --- | --- | --- |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 2:16-cv-05020-GEKP |
| v. | : | |
| CITY OF PHILADELPHIA, ET AL., | : | |
| Defendants | : | |

## CONFIDENTIALITY AGREEMENT

Whereas, in connection with these proceedings, the parties, Anthony Wright ("Plaintiff") and City of Philadelphia, Thomas Augustine, David Baker, Thomas Burke, Martin Devlin, Dennis Dusak, Frank Jastrzembski, Charles Myers, Manuel Santiago, Anthony Tomaino, and Eugene Wyatt ("Defendants"), and a nonparty, the Philadelphia District Attorney's Office (the "DAO"), will exchange information and disclose documents which they deem confidential, including documents containing personal, medical, and financial information of the parties and other persons. The parties and the DAO object to the disclosure of this information and production of these documents unless appropriate protection for their confidentiality is assured. Good cause therefore exists for the entry of a Confidentiality Agreement and Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Now, therefore, the undersigned counsel for Plaintiff, Defendants, and the DAO hereby consent and agree to the following Agreement regarding the exclusive use of certain discovery and subpoenaed materials in this matter, to facilitate the prompt resolution of disputes over confidentiality, and to protect from unauthorized disclosure, publication, and use information of a kind whose confidentiality is properly protected under Rule 26(c) of the Federal Rules of Civil Procedure:

1. Things or Documents Covered by Agreement

City of Philadelphia and the named individual defendants (collectively "Defendants"), Plaintiff, and the DAO shall designate all documents that are covered by this Agreement.

2. Designation of Protected Material

   a. Documents produced by a party or the DAO in these proceedings which contain confidential information and are marked as "Confidential." In particular, (1) the personnel files and personal information of the individual defendants in this action and (2) the medical, personal, and financial information of Plaintiff shall be deemed confidential. Additionally, any social security numbers contained in any documents shall be deemed per se confidential. Disclosure of confidential information regarding the Plaintiff or the named individual defendants to the press or other public media is expressly prohibited. When the mark "Confidential" is used on a document, such marking must be done in a manner that does not obstruct the reading of the document, or impair the quality of the document when duplicated. Documents and information shall not be designated "Confidential" to the extent they are otherwise publicly available.

   b. The designation of a document or information as "Confidential" shall not affect the burden of proof necessary to demonstrate the appropriateness of the designation of said document. Any dispute as to the actual confidentiality of any particular document or category of documents or information shall be resolved pursuant to paragraph 6, infra, of this Confidentiality Agreement.

3. Permissible Disclosures

   a. Notwithstanding paragraph 1, material entitled to protection under this Agreement may be disclosed to the parties; to counsel for the parties in this action; to the partners, associates, secretaries, paralegals and employees of such counsel; to investigators reasonably necessary to render professional services in this litigation; to persons employed by

Defendants or the DAO who have prior knowledge of the documents and the confidential information contained therein; and to Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court).

    b. Subject to the provisions of subparagraph (c), material designated as "Confidential" also may be disclosed:

        i) to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

        ii) to witnesses, including persons noticed for depositions or designated as trial witnesses; and

        iii) to independent outside consultants or experts retained solely for the purpose of assisting counsel in the litigation.

    c. A party or the DAO may designate a document "Confidential – Attorneys Only" in the event it believes in good faith that such document is so highly sensitive that it may not be viewed by the persons listed in paragraphs b(i) – b(iii) above. Any document so marked shall be shown only to the parties' outside attorneys and to their outside experts to the extent necessary for the purposes of the litigation.

    d. Documents or information designed "Confidential" or "Confidential – Attorneys Only" shall be retained in a manner that prevents their use for purposes not authorized by this Confidentiality Agreement. Counsel of record are responsible for employing reasonable measures to control, consistent with this Confidentiality Agreement, duplication of, access to, and destruction of copies of confidential documents or information.

    e. Before disclosing a document or information designated as "Confidential" or "Confidential – Attorneys Only" to any person designated in paragraphs (b) or (c), the individual to whom disclosure is to be made shall have first signed a form containing:

i) a recital that the signatory has read and understands this Confidentiality Agreement;

ii) a recital that the signatory understands that unauthorized disclosures, publications, or uses of the confidential documents or information, including during discovery and trial of this case, constitute contempt of court; and

iii) a statement that the signatory consents, solely for the purpose of enforcing this "Confidentiality Agreement," to submit to the exercise of personal jurisdiction by the United States District Court for the Eastern District of Pennsylvania.

The form attached as Exhibit A shall be used for this purpose.

4. Method of Designation

a. For purposes of this "Confidentiality Agreement," the term "document" means all written, recorded, or graphic material, whether produced or created by a party, the DAO, or another person, whether produced pursuant to the disclosure requirements of the Federal Rules of Civil Procedure, other Orders of the Court, Fed. R. Civ. P. 34, subpoena, by agreement, or otherwise. Interrogatory answers, response to Requests for Admissions, deposition transcripts and exhibits, pleadings, Motions, Affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be designated as "Confidential" or "Confidential – Attorneys Only." To the extent feasible, these materials shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

b. <u>Documents</u>: Any party or the DAO may designate documents as subject to this "Confidentiality Agreement" by producing copies of the document marked with a legend reading "Confidential" or "Confidentiality – Attorneys Only" or other appropriate notice to similar effect, including designating such documents by Bates number in a writing directed to the receiving party's counsel.

  c. <u>Magnetic Media Documents</u>: Where a document is produced on a compact disc or digital video disc or other digital medium, the medium container or disc shall be marked with the appropriate notice.

  d. <u>Physical Exhibits</u>: The confidential status of physical exhibits shall be indicated by placing a label on said physical exhibit marked with the appropriate notice.

5. Confidential Information in Depositions

  a. If a question at a deposition calls for an answer containing confidential information, counsel must on the record designate the information as either "Confidential" or "Confidential – Attorneys Only." Counsel must also direct the court reporter to mark the specific portions of the deposition transcript so designated as "Confidential" or "Confidential – Attorneys Only." The court reporter in preparing the deposition transcript shall bind separately the confidential and non-confidential testimony.

  b. If, subsequent to the deposition, a party does not timely designate information in a deposition as "Confidential" or "Confidential – Attorneys Only," as provided by the Rules of the Court, then none of the transcript will be treated as protected under this Confidentiality Agreement, with the exception of any exhibits to the deposition that were previously designated pursuant to this "Confidentiality Agreement."

  c. A deponent may be shown, and examined about, documents and information designated for protection under this "Confidentiality Agreement" (1) if and only if the deponent is an employee of Defendants and has knowledge of the documents and the confidential information therein, or (2) if and only if the deponent is any person listed under paragraph 3(b) or (c), *supra*, and the deponent and counsel have complied with paragraphs 3(d) and (e), *supra*.

6. Challenge to Confidentiality Designations

  a. In the event a party objects to the designation of certain documents or information as "Confidential" or "Confidential – Attorneys," the party shall make a good-faith

attempt to resolve the dispute informally with the producing party or the DAO. A good faith effort must include ample notice, and an opportunity to review the subject issues, discuss it with the parties, and respond in writing if necessary to protect the record herein. If a resolution cannot be reached, the party may move the Court for a ruling on the designation and for relief from this "Confidentiality Agreement" and disclosure of the documents or information in question by filing an appropriate Motion with the United States District Court for the Eastern District of Pennsylvania on notice to counsel for Defendants, all other parties to this action, and, if applicable, the DAO. This Motion shall list specifically which documents or information it contends should not be designated as "Confidential" or "Confidential – Attorneys Only."

b. The producing party or the DAO, if applicable, shall have the burden of establishing the propriety of the status of a document as "Confidential" or "Confidential – Attorneys Only." The filing of such a Motion for relief from this "Confidentiality Agreement" shall not affect the designation of the documents or information, which will continue to maintain the designations made by the producing party, unless and until an Order of the Court changing the designations is entered.

7. **Authorized Uses of Confidential Materials in Discovery and Trial**

a. All documents and any other information designated as "Confidential" or "Confidential – Attorneys Only" in accordance with this "Confidentiality Agreement" shall be used solely in connection with this judicial proceeding and shall not be used for any other purpose except as otherwise ordered by the Court before which this action is pending.

b. A person who receives "Confidential" or "Confidential – Attorneys Only" documents or information under this Confidentiality Agreement may use said documents and information only in the context of this lawsuit, and may not disclose or publish the documents or information to any person not authorized to receive confidential information pursuant to this Confidentiality Agreement, and may not use the documents or information in any manner not

authorized pursuant to this Confidentiality Agreement, except as otherwise ordered by the Court before which this action is pending.

    c. The extent and manner in which any confidential documents and/or information produced by the parties and/or the DAO may be used at trial shall be decided by the Court at the final pre-trial conference after all parties and Defendants have had an opportunity to be heard. Nothing herein shall be construed to affect in any manner the admissibility as evidence of any document, information or testimony.

    d. The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this Confidentiality Agreement or to modify this Confidentiality Agreement at any time in the interest of justice.

8. **Effect of Failure to Designate**

If a party or the DAO inadvertently produces or discloses confidential information, including deposition testimony, without marking it "Confidential" or "Confidential – Attorney Only," the producing party or the DAO may subsequently designate the document or information as "Confidential" or "Confidential – Attorneys Only." However, until such time that a designation is made, the document or information shall not be covered by this "Confidentiality Agreement." Thereafter, such information shall be treated as designated by the producing party or the DAO. When undesignated documents are produced, and are later designated as "Confidential" or "Confidential – Attorneys Only," and the party or parties to whom such undesignated documents were produced shall use reasonable efforts to retrieve said documents from any and all individuals to whom it has disclosed and/or produced them. Additionally, a party who receives documents that are later designated as "Confidential" or "Confidential – Attorneys Only" will, upon request, identify the identities (including addresses and the telephone numbers) of any individuals to whom the documents or information were disclosed

and/or produced, and will cooperate in efforts to retrieve the same, and under no circumstances whatsoever shall retain copies of such documents or information.

9. Remedies for Violation of Agreement

In the event any party violates or threatens to violate this "Confidentiality Agreement," the parties agree that the producing party or the DAO may immediately apply to the Court for an injunction against such violation, and for any and all other appropriate legal and equitable relief.

10. Submission of Confidential Material to the Court

   a. A party who wishes to lodge or file with the Court in this action any paper, pleading or exhibit containing confidential material shall submit it under seal.

11. Conclusion of Action

The terms of this Confidentiality Agreement shall not terminate at the conclusion of this litigation, whether by settlement or judgment.

12. Miscellaneous Provisions

   a. The provisions of this Agreement shall apply retroactively to any confidential documents produced by the parties or the DAO on or after February 3, 2017.

   b. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Agreement, duplication of, access to and distribution of copies of documents and information designated for protection under this Agreement.

   c. This Agreement constitutes the entire agreement between the parties and the DAO relating to the production of confidential information. Any amendment hereto may be made only with the prior written approval of the parties or by Order of the Court.

   d. The headings contained in this Agreement are for reference purpose only and shall not affect in any way the meaning or interpretation of this Agreement.

e. The United States District Court for the Eastern District of Pennsylvania shall retain jurisdiction, even upon termination of this action, for purposes of enforcement of this Agreement.

f. This Agreement shall be binding upon these parties and any other parties subsequently added to this litigation.

The undersigned hereby consent to the terms of this Confidentiality Agreement:

COUNSEL FOR PLAINTIFF:

By: Amelia Green
Neufeld Scheck & Brustin, LLP
99 Hudson Street, Eighth Floor
New York, NY 10013
Philadelphia, PA 19102
(212) 905-9081

By: PAUL MESSING
Kairys, Rudovsky, Messing & Feinberg, LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400

COUNSEL FOR DEFENDANTS:

By: Matthew Kevin Hubbard
Senior Attorney
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5391

COUNSEL FOR DAO:

By: Bryan Hughes
Chief, Civil Litigation Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
(215) 686-5775

Date: February 14, 2017

IT IS SO ORDERED.

Gene E. K. Pratter, U.S.D.J.  3/1/17

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT
## TO BE BOUND BY CONFIDENTIALITY AGREEMENT

I, the undersigned, hereby acknowledge that I have read the CONFIDENTIALITY AGREEMENT in Civil Action 2:16-cv-05020-GEKP, understand its terms, and agree to be bound by them, and I submit to the personal jurisdiction of the United States District Court for the Eastern District of Pennsylvania to enforce them. I acknowledge that I will treat any "Confidential" or "Confidential – Attorneys Only" material I receive in this action strictly according to the terms of the Confidentiality Agreement, and that I understand that any unauthorized disclosure, publication, or use of the "Confidential" or "Confidential – Attorneys Only" material I receive may constitute contempt of Court.

_____

Date: _____