IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY WRIGHT, | : | Civil Action No. 16-5020 |
|     Plaintiff, | | |
| v. | : | |
| CITY OF PHILADELPHIA, ET AL., | | |
|     Defendants | : | |

# ORDER

And now, this ____ day of _____, 2017, upon consideration of Plaintiff's Motion to Compel Discovery Against Defendant City of Philadelphia, IT IS ORDERED that:

1. Defendant City of Philadelphia shall provide copies of the following documents to the plaintiff's counsel:

   a. PPD directives, training materials, memoranda, videos, analyses, reports, correspondence, training and instructional materials, and all other writings that relate to the investigation of homicides and the operation of the PPD Homicide Unit for the period 1995-2016.

   b. PPD directives, training materials, memoranda, analyses, reports, correspondence, and other writings from the period 1995-2016 that relate to the interrogation of suspects; the interrogation of witnesses; the detention of witnesses; the fabrication of or tampering with evidence; the mishandling of evidence; the duty to properly investigate; and the disclosure of exculpatory information.

   c. Documents containing, referring and relating to data and data analysis prepared by the PPD Research and Planning Unit from 1995-2016 relating to homicide investigations.

   d. All IAD investigations and proceedings from 1995-2016 relating to civilian or internal complaints against PPD officers and officials of the PPD Homicide Unit asserting the improper interrogation of suspects; improper interrogation of witnesses; improper detention of witnesses; fabrication of evidence; planting of evidence; tampering with evidence; failure to properly investigate; failure to consider exculpatory evidence; and failure to disclose exculpatory information.

   e. All PBI investigations and proceedings from 1995-2016 relating to civilian or internal complaints against PPD officers and officials of the PPD Homicide Unit asserting the improper interrogation of suspects; improper interrogation of witnesses; improper detention of witnesses; fabrication of evidence; planting of evidence; tampering with evidence; failure

to properly investigate; failure to consider exculpatory evidence; and failure to disclose exculpatory information.

f.  All statistical data for the period 1995 to the present maintained by the PPD and the City of Philadelphia related to IAD complaints maintained by the PPD for the following subjects: a) complaints related to abuse of authority; b) complaints related to falsification; c) complaints related to civil rights violations; d) complaints related to unprofessional conduct; e) complaints related to verbal abuse; and f) complaints related to the allegations of police misconduct as described in the Complaint in this matter.

g.  The complete IAD files relating to: 1) a 2006 sustained complaint against defendant Augustine relating to the use of cocaine; 2) a 1996 unsustained complaint against Augustine alleging physical abuse; and 3) a 1998 partially sustained complaint against defendant Baker for violations of constitutional rights.

2.  If Defendant City of Philadelphia does not comply with this ORDER in full within ten (10) days the City shall, upon motion of the plaintiff, be subject to appropriate sanctions pursuant to Rule 37, F.R.Civ.P.

BY THE COURT:

_____
HON. GENE E.K. PRATTER
United States District Court

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY WRIGHT,                    :      Civil Action No. 16-5020
       Plaintiff,
       v.                              :
CITY OF PHILADELPHIA, ET AL.,
       Defendants                      :

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**AGAINST DEFENDANT CITY OF PHILADELPHIA**

    Plaintiff, by his counsel, Paul Messing and Kairys, Rudovsky, Messing & Feinberg, and Neufeld, Scheck & Brustin, moves to compel discovery by defendant City of Philadelphia in the above matter, and represents as follows:

    1. Pursuant to the Scheduling Order of this Court issued on December 15, 2016, discovery shall be completed by June 16, 2017.

    2. On February 9, 2017, defendant City of Philadelphia was sent by email Plaintiff's Request for Production, Second Set (attached as Exhibit "A").

    3. On March 9, 2017, the City submitted objections and partial responses.

    4. Thereafter, counsel sought to resolve the outstanding discovery dispute and the City filed a supplemental response (attached as Exhibit "B").

    5. The City claims that no responsive documents exist for the period 1985-1995.[1]

    6. With regard to the documents and materials sought for the period 1995-2016, the City objects to production.

    7. The documents that the City refuses to provide include:

---

[1] On March 22, 2017, in an effort to avoid unnecessary depositions and to seek clarity of several defense discovery responses, the plaintiff submitted Requests for Admission to the City.

1

a. PPD directives, training materials, memoranda, videos, analyses, reports, correspondence, training and instructional materials, and all other writings that relate to the investigation of homicides and the operation of the PPD Homicide Unit for the period 1995-2016.

b. PPD directives, training materials, memoranda, analyses, reports, correspondence, and other writings from the period 1995-2016 that relate to the interrogation of suspects; the interrogation of witnesses; the detention of witnesses; the fabrication of or tampering with evidence; the mishandling of evidence; the duty to properly investigate; and the disclosure of exculpatory information.

c. Documents containing, referring and relating to data and data analysis prepared by the PPD Research and Planning Unit from 1995-2016 relating to homicide investigations.

d. All IAD investigations and proceedings from 1995-2016 relating to civilian or internal complaints against PPD officers and officials of the PPD Homicide Unit asserting the improper interrogation of suspects; improper interrogation of witnesses; improper detention of witnesses; fabrication of evidence; planting of evidence; tampering with evidence; failure to properly investigate; failure to consider exculpatory evidence; and failure to disclose exculpatory information.

e. All PBI investigations and proceedings from 1995-2016 relating to civilian or internal complaints against PPD officers and officials of the PPD Homicide Unit asserting the improper interrogation of suspects; improper interrogation of witnesses; improper detention of witnesses; fabrication of evidence; planting of evidence; tampering with evidence; failure to properly investigate; failure to consider exculpatory evidence; and failure to disclose exculpatory information.

f. All statistical data for the period 1995 to the present maintained by the PPD and the City of Philadelphia related to IAD complaints maintained by the PPD for the following subjects: complaints related to abuse of authority, falsification of evidence, civil rights violations, unprofessional conduct, verbal abuse, and allegations of police misconduct as described in the Complaint in this matter.

8. Separately, the City acknowledged that several defendant officers had amassed misconduct complaints that are potentially relevant to the trial of this case, but claims that only three investigative files from IAD have been located: 1) a 2006 sustained complaint against defendant Augustine relating to the use of cocaine; 2) a 1996 unsustained complaint against Augustine alleging physical abuse; and 3) a 1998 partially sustained complaint against defendant Baker for violations of constitutional rights. The City has objected to the production of the three files.

9. Without the requested information and documents, the plaintiff will be seriously prejudiced in establishing his claims.

10. Pursuant to F.R.Civ.P. 26, 37(a)(2)(A) and this Court's Pretrial Procedure II(D)(2), undersigned counsel submits a Local Rule 26.1(f) Certification (attached as Exhibit "C").

11. The accompanying Memorandum of Law is incorporated by reference.

WHEREFORE, the plaintiff requests that this Court enter the attached proposed Order compelling defendant City of Philadelphia to provide additional discovery responses within ten days.

Respectfully submitted,

BY: *Paul Messing*
David Rudovsky
Paul Messing
Jonathan Feinberg
Kairys, Rudovsky, Messing & Feinberg, LLP
718 Arch Street, Suite 501 South
Philadelphia, PA 19106

Peter Neufeld*
Nick J. Brustin*
Anna Benvenutti Hoffmann*
Farhang Heydari*
Amelia Green*
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
*Admitted pro hac vice*

*Attorneys for Plaintiff Anthony Wright*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY WRIGHT, | : | Civil Action No. 16-5020 |
| Plaintiff, | | |
| v. | : | |
| CITY OF PHILADELPHIA, ET AL., | | |
| Defendants | : | |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DISCOVERY

**I. Introduction**

Anthony Wright spent 25 years in prison for a crime he did not commit. The defendant officers, with the knowledge or acquiescence of City policy makers, coerced statements, manufactured and planted evidence, conducted improper searches, and violated established police practices, all of which led to the baseless prosecution. In 2016, after the grant of a new trial based on DNA exoneration evidence, Mr. Wight was acquitted of all charges and thereafter filed the instant §1983 action asserting individual and municipal liability.

On February 9, 2017, defendant City of Philadelphia was sent by email Plaintiff's Request for Production, Second Set (Exhibit "A"), which relate to the *Monell* claim. On March 9, 2017, the City submitted objections and partial responses. Counsel sought to resolve the outstanding discovery dispute, and the City filed a supplemental response (Exhibit "B"). An unsuccessful effort to resolve the ongoing discovery dispute led to the instant Motion to Compel.

The City claims that no responsive documents exist for the period 1985-1995. With regard to the documents and materials sought for the period 1995-2016, the City objects to production. The documents that the City refuses to provide are detailed in the proposed Order.

Separately, the City has acknowledged that several defendant officers had amassed

1

misconduct complaints that are potentially relevant to the trial of this case, but claims that only three investigative IAD files have been located:  1) a 2006 sustained complaint against defendant Augustine relating to the use of cocaine; 2) a 1996 unsustained complaint against Augustine alleging physical abuse; and 3) a 1998 partially sustained complaint against defendant Baker for violations of constitutional rights.  The City has objected to the production of the three files.

**III. Argument**

The municipal liability claim in this case rests squarely on the principle that the City is liable under §1983 because of a systematic failure to train, discipline or supervise its police officers.  In *City of Canton v. Harris*, 489 U.S. 378 (1989), the Supreme Court ruled that where discipline and supervision were necessary to avoid constitutional violations and the governmental entity is deliberately indifferent to the need to do so, a cause of action is stated.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Proof of a *Monell* claim necessarily involves a review of relevant police department policies and practices, data regarding such practices, and officers' disciplinary records to determine whether there are discernible patterns of misconduct and a failure to properly train, supervise or discipline.  Such evidence may demonstrate that the municipality was aware of unconstitutional practices, job performance problems, or misconduct complaints and failed to take appropriate steps to address those issues.

Information and materials which relate to the training, supervision and disciplining of defendant police officers in §1983 cases of this nature are discoverable.  The case law on this point is compelling.[2]  As Judge Weinstein found in *King v. Conde*, 121 F.R.D. 180, 195

---

[2] *See, e.g., City of Canton v. Harris*, 489 U.S. 378 (1989); *Hopkins v. Andaya*, 958 F.2d 881 (9th Cir. 1992); *Haynesworth v. Miller*, 820 F.2d 1245 (D.C. Cir. 1987); *Fletcher v. O'Donnell*, 867 F.2d 791 (3d Cir. 1989); *Colburn v. Upper Darby Township*, 838 F.2d 663 (3d

(E.D.N.Y. 1988), such discovery is generally granted as the great weight of the policy in favor of discovery in civil rights actions supplements the normal presumption in favor of broad discovery.

Here, the conduct of the individual defendants was caused by the City's deliberate indifference to unconstitutional policies, patterns, and practices in no less than ten areas, including the specific areas of misconduct asserted in the Complaint.[3] The City was also deliberately indifferent to chronic deficiencies in the disciplinary mechanism of the PPD.[4] Further, a number of cases investigated by defendant officers in the period immediately before and after the arrest of Mr. Wright in 1991 involved many of the same unconstitutional police practices.[5] The disputed discovery requests in this case directly relate to these claims.

As this Court found in the Opinion denying Defendants' Motion to Dismiss, evidence related to policies and practices before *and* after the investigation that led to the arrest and prosecution of the plaintiff in 1993 is relevant when considering "whether the City and

---

Cir. 1988); *Frazier v. SEPTA*, 785 F.2d 65 (3d Cir. 1986).

[3] *See* Complaint, at paragraphs 117-132, 171-173. The Third Circuit has endorsed municipal liability for policy, practice and custom claims in numerous contexts. *See, e.g., Berg v. County of Allegheny*, 219 F.3d 261, 275-77 (3d Cir. 2000); *Beck v. City of Pittsburgh,* 89 F.3d 966, 974-76 (3d Cir. 1996); *Bielevicz v. Dubinon*, 915 F.2d 845, 852-53 (3d Cir. 1990); *Anela v. City of Wildwood*, 790 F.2d 1063, 1067 (3d Cir. 1986).

[4] *Id.*

[5] *See* Complaint, at paragraphs 118-126. Evidence of misconduct complaints against officers is an accepted method for establishing a failure to supervise and discipline and, thus, liability under *Monell*. Such complaints are admissible through direct testimony, documentary exhibits, and through expert testimony which relies on such complaints as a foundation for an opinion. See *Spell v. McDaniel*, 591 F.Supp. 1090 (E.D.N.C. 1984), aff'd on other grounds, 824 F.2d 1380 (4th Cir. 1987). In *Fiacco v. City of Rensselaer*, 783 F. 2d 319 (2d Cir. 1986), the Court upheld the admission of evidence of claims and complaints against the City and found the evidence sufficient to establish a policy of negligent supervision of police officers. The Court noted that it was immaterial that the complaints had not been adjudicated.

policymakers had a pattern of tacitly approving" unconstitutional practices. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). Further, many of the defective policies and practices persisted up to the 2016 retrial. The fact that there was no effort to correct deficient practices, or to alert Mr. Wright's criminal defense counsel to the existence of these practices and potentially exculpatory evidence, is also relevant to the *Monell* claims in this case.

For decades, the failure to properly train, discipline and supervise Philadelphia police officers has been the subject of considerable study, scholarship and litigation. In 1996, the NAACP and others brought suit against the City asserting that a systematic failure to properly investigate police misconduct and impose appropriate remedial or disciplinary action against offending officers caused constitutional violations. *NAACP v. City of Philadelphia*, E.D. Pa. No. 96-6045. A Settlement Agreement resulted in the creation of the Integrity and Accountability Office ("IAO") to assess and monitor the PPD in several areas.

In 1998, 2001 and 2003, IAO issued Reports on the Disciplinary System of the PPD. The IAO found that the disciplinary system in the Philadelphia Police Department was fundamentally ineffective, inadequate and unpredictable. The deficiencies in the PPD's disciplinary mechanism persisted through the time of Mr. Wright's retrial. In fact, on March 24, 2015, the U.S. Department of Justice issued a Report that is highly critical of PPD policies, practices and, in particular, the deficiencies in the department's disciplinary mechanism.

The findings of the OIA, DOJ and independent experts make clear that substantial policy, operational, investigative, and training deficiencies in the PPD have existed for decades.[6] Dr. R.

---

[6] In *McDaniels v. City of Philadelphia* (E.D.Pa. No. 15-CV-2803), the Honorable Cynthis Rufe recently denied the City summary judgment on a *Monell* claim related to the same systemic flaws in the PPD's disciplinary system as are at issue in this case. Judge Rufe relied, in

Paul McCauley, a nationally recognized expert on police practices, has been studying the PPD's disciplinary system for more than twenty years, and has undertaken a detailed analysis of the PPD's internal affairs process.  Based on a review of over 1,000 IAD investigations and City data relating to citizen's complaints,  Dr. McCauley concludes that the deficiencies as described by Green-Ceisler in 2003 – which parallel the *Monell* claim in this case – persist.

The averments in the instant Complaint provide more than enough justification for the Court to permit "a sufficient period of discovery to adduce [] evidence" in support of his *Monell* claims.  *Keahey v. Bethel Township*, 2012 WL 478936, at *7, 2012 U.S.Dist.LEXIS 18974, *24-25 (E.D.Pa. 2012).  The Motion to Compel should be granted.

## CONCLUSION

Plaintiff cannot prepare to litigate the *Monell* claim until he is provided **all** of the documents which relate to relevant policies and practices, as well as defendant officers' misconduct records.  The City should be compelled to provide the documents and materials set forth in the attached proposed Order.

Respectfully submitted,

BY: *Paul Messing*
KAIRYS, RUDOVSKY, MESSING & FEINBERG        NEUFELD SCHECK & BRUSTIN
718 Arch Street, Suite 501 South                               99 Hudson Street, 8th Floor
Philadelphia, PA 19106                                              New York, NY 10013

*Counsel for Anthony Wright*

---

part, on the findings contained in the DOJ and IAO Reports, and the expert opinions of Dr. McCauley (attached as Exhibits J, K and H, respectively, to Plaintiff's Response to Motion for Summary Judgment, which is incorporated by reference).

5

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY WRIGHT,** | : | Civil Action No. 16-5020 |
| Plaintiff, | | |
| v. | : | |
| **CITY OF PHILADELPHIA, ET AL.,** | | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's Motion to Compel Discovery has been served on Matthew Kevin Hubbard, Law Department, 1515 Arch Street, Philadelphia, PA 19102 by email.

    *S/ Paul Messing*

Paul Messing, Esquire

Kairys, Rudovsky, Messing & Feinberg

718 Arch Street, Suite 501S

Philadelphia, PA 19106

(215) 925-4400

Date:   April 3, 2017