**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY WRIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, and Officers THOMAS AUGUSTINE, DAVID BAKER, THOMAS BURKE, MARTIN DEVLIN, DENNIS DUSAK, FRANK JASTRZEMBSKI, JAMES MORTON, CHARLES MYERS, MANUEL SANTIAGO, ANTHONY TOMAINO, and EUGENE WYATT in their individual capacities,<br><br>    Defendants. | Case Number: 2:16-CV-05020-GEKP<br><br>**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT CITY OF PHILADELPHIA** |

    Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Anthony Wright, by his attorneys, Neufeld Scheck & Brustin, LLP and Kairys, Rudovsky, Messing & Feinberg, LLP, demands that defendant City of Philadelphia produce documents responsive to the following requests within thirty days of service of this demand. As required by Rule 26(e), Defendant must promptly amend or supplement answers or disclosures within thirty days after additional information or material is acquired, and in no event later than 30 days before trial.

    It is required that the defendant's answers first restate verbatim the document request to which it is responsive before responding to it. It is required that each document request be accorded a separate answer. Requests or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to a document request or subpart must not be supplied by referring to the answer to another request for documents unless the request for documents or subpart referred to supplies a complete and accurate answer to the request for documents or subpart being answered.

1

It is further required that all documents produced appear in the form, order, and condition that they are in on the day that these document requests are served, including all comments, notes, remarks, or other materials which may have been added to documents subsequent to their initial preparation. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Documents not otherwise responsive to a request shall be produced if such documents refer to, relate to, or explain the documents called for in this Request, or if such documents are attached to documents called for in this Request and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

If documents are not in your possession but are within your control, you are required to comply with the definition and instructions for "control" below. If no responsive documents exist, then so state. If you object to any request on the grounds of privilege, your response must identify the nature of the responsive information and specify the claimed privilege in a log, consistent with Rule 26(b)(5). If you object to or otherwise do not respond to any Request, in whole or in part, set forth the nature and basis for the objection or other failure or refusal to respond in sufficient detail so that the Court can determine the propriety of such objection or failure or other refusal to respond, and state whether any information is being withheld on the basis of the objection.

## DEFINITIONS

The following definitions and principles shall be deemed to have the meaning set forth herein, and are incorporated herein and throughout this and each succeeding set of discovery requests, if any, as though fully set forth at length, unless expressly stated to the contrary.

a. **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether transmitted orally, in handwriting, in print, electronically, or otherwise.

b. **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations, writings, memoranda, transcripts, docket entries, exhibits, drawings, graphs, charts, photographs, phone records, audio and videotapes, computer files, datebooks, time sheets, logs, electronic or computerized data compilations, and any other data compilation from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of this term.

c. **Identify (with respect to persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

d. **Identify (with respect to documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s).

e. **Person**. The term "person" is defined as any natural person or any business, legal or governmental entity or association.

f. **You**. The term "you" refers to the parties to whom these requests to admit are propounded, its agents, employees, representatives, and attorneys, and those employed by its attorneys.

g. **PPD**. The term "PPD" refers to the Philadelphia Police Department, including any department, officer, employee, agent, or contractor thereof. The term "IAD" refers to the Internal Affairs Division of the PPD, including any department, officer, employee, agent, or contractor thereof.

h. **Concerning**. The term "concerning" means relating to, referring to, describing, pertaining to, evidencing or constituting.

i. **Control**. "Control" shall be defined so as to apply to any document, if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof. If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identify the person in possession or custody. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

j. **All/Each**. The terms "all" and "each" shall be construed as all and each.

k. **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

l. **Number**. The use of the singular form of any word includes the plural and vice versa.

## REQUESTS FOR PRODUCTION TO DEFENDANT
## CITY OF PHILADELPHIA, SECOND SET

1. Identify and produce true and correct copies of any and all Philadelphia Police Department directives, training materials, memoranda, videos, analyses, reports, correspondence, training and instructional materials, and all other writings that relate to the investigation of homicides and the operation of the PPD Homicide Unit for the period 1985-2016.

2. Identify and produce true and correct copies of any and all Philadelphia Police Department directives, training materials, memoranda, analyses, reports, correspondence, and other writings from the period 1985-2016 that relate to the following:

   a. the interrogation of suspects;

   b. the interrogation of witnesses;

   c. the detention of witnesses;

   d. the fabrication of or tampering with evidence;

   e. the mishandling of evidence;

   f. the duty to properly investigate; and

   g. the disclosure of exculpatory information.

3. Identify and produce true and correct copies of any and all audits, reviews, statistical analysis, memoranda, correspondence, emails, text messages, or surveys of data from 1985-1992 related to the operation of the PPD Homicide Unit.

4. Identify and produce true and correct copies of any and all documents containing, referring and relating to data and data analysis prepared by the PPD Research and Planning Unit from 1985-2016 relating to homicide investigations.

5. Identify and produce true and correct copies of any and all All IAD investigations from 1985-1992 relating to civilian or internal complaints of misconduct by officers and officials of the PPD Homicide Unit.

6. Identify and produce true and correct copies of any and all IAD investigations from 1985-2016 relating to civilian or internal complaints of misconduct by officers and officials of the PPD Homicide Unit asserting:

   a. improper interrogation of suspects;

   b. improper interrogation of witnesses;

   c. improper detention of witnesses;

   d. fabrication of evidence;

   e. planting of evidence;

    f. tampering with evidence;

    g. failure to properly investigate;

    h. Failure to consider exculpatory evidence; and

    i. failing to disclose exculpatory information.

7. Identify and produce true and correct copies of any and all PBI investigations and proceedings from 1985-2016 relating to civilian or internal complaints against PPD officers and officials of the PPD Homicide Unit asserting:

    a. improper interrogation of suspects;

    b. improper interrogation of witnesses;

    c. improper detention of witnesses;

    d. fabrication of evidence;

    e. planting of evidence;

    f. tampering with evidence; and

    g. failure to properly investigate;

    h. failure to consider exculpatory evidence; and

    i. failing to disclose exculpatory information.

8. Identify and produce for the period of 1985 to the present all statistical data maintained by the PPD and the City of Philadelphia related to IAD complaints maintained by the PPD for the following subjects: a) complaints related to abuse of authority; b) complaints related to falsification; c) complaints related to civil rights violations; d) complaints related to unprofessional conduct; e) complaints related to verbal abuse; and f) complaints related to the allegations of police misconduct as described in the Complaint in this matter.

9. Identify and produce true and correct copies of any and all documents pertaining to Thomas E. Floyd, Antonio Johnson, Shawn Nixon, and Gregory Alston, including without limitation:

   a. the complete criminal "rap sheet" of each individual;

   b. all files regarding any arrest, or regarding any incident involving detention by the PPD; and

   c. all files regarding the investigation or prosecution for any crime with which Mr. Floyd, Mr. Johnson, Mr. Nixon and/or Mr. Alston was charged.

10. Identify, with reference to each numbered response, each person who provided information for, assisted with, or was consulted in responding to these requests for production.

\* \* \* \*

An Official of the City of Philadelphia **with knowledge of the matter contained in the above responses** must sign and date the attached Verification and forward along with production responses. *Signature of counsel is not acceptable.*

DATED: February 9, 2017                                   **NEUFELD SCHECK & BRUSTIN, LLP**

By: ___/s/ Amelia Green___
Peter Neufeld*
Nick J. Brustin*
Anna Benvenutti Hoffmann*
Farhang Heydari*
Amelia Green*
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, NY 10013
*Admitted pro hac vice*

David Rudovsky
Paul Messing
Jonathan Feinberg
Kairys, Rudovsky, Messing & Feinberg, LLP
The Case Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106

*Attorneys for Plaintiff Anthony Wright*

**Certificate of Service**

I, Paul Messing, hereby certify that true and accurate copies of *Plaintiff's Second Set of Requests for Production of Documents and Things to Defendant City of Philadelphia* was served via U.S. mail on February 9, 2017 on all parties of record through their attorney of record:

Matthew Kevin Hubbard
Senior Attorney
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
matthew.hubbard@phila.gov

/s/ Paul Messing

Paul Messing