**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY WRIGHT, | CIVIL ACTION |
| Plaintiff, | |
| v. | NO.   2:16-cv-05020-GEKP |
| CITY OF PHILADELPHIA, ET AL., | <u>JURY TRIAL DEMANDED</u> |
| Defendants. | |

### CITY OF PHILADELPHIA'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Defendant, City of Philadelphia ("Answering Defendant"), hereby supplements its responses to Plaintiff's Second Set of Requests for Production of Documents and Things in the above captioned case as follows:

### GENERAL OBJECTIONS

1. Answering Defendant objects to each request for production to the extent it purports to include documents which are subject to the attorney-client privilege, attorney-work product doctrine, the deliberative process privilege, the law enforcement privilege and any other applicable privilege.

2. Answering Defendant objects to each request for production to the extent it is overly broad, unduly burdensome and/or seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3. Answering Defendant objects to each request for production to the extent it is duplicative, unreasonably cumulative and/or oppressive, and/or to the extent that it will cause Answering Defendant to incur unnecessary expenses.

4. Answering Defendant objects to each request for production to the extent that it purports to impose an obligation on Answering Defendant that is greater than that required by the Federal Rules of Civil Procedure.

5. Answering Defendant objects to each request to the extent that it purports to seek the discovery of information relating to time periods and subject matters that have nothing to do with the events at issue in this litigation.

## **RESERVATION OF RIGHTS**

All responses to the following document requests are made without in any way waiving but, on the contrary, intending to reserve and reserving:

1. All questions as to the competency, relevancy, materiality, privilege and admissibility for any purpose in any subsequent proceeding or the trial of this or any other action;

2. The right to object on any ground to the use of any of these documents, or the subject matter thereof, in any subsequent proceeding or the trial of this or any other action;

3. The right to object on any ground at any time to a demand for further responses to these or any other document request or other discovery proceedings involving or relating to the subject matter of the document requests herein answered; and

4. The right at any time to revise, correct, supplement, clarify and/or amend the responses and objections set forth herein.

## **PLAINTIFF'S DEFINITIONS**

The following definitions and principles shall be deemed to have the meaning set forth herein, and are incorporated herein and throughout this and each succeeding set of discovery requests, if any, as though fully set forth at length, unless expressly stated to the contrary.

a. **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether transmitted orally, in handwriting, in print, electronically, or otherwise.

b. **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations, writings, memoranda, transcripts, docket entries, exhibits, drawings, graphs, charts, photographs, phone records, audio and videotapes, computer files, datebooks, time sheets, logs, electronic or computerized data compilations, and any other data compilation from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of this term.

c. **Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

d. **Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s).

e. **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

f. **You.** The term "you" refers to the parties to whom these requests to admit are propounded, its agents, employees, representatives, and attorneys, and those employed by its attorneys.

g. **PPD.** The term "PPD" refers to the Philadelphia Police Department, including any department, officer, employee, agent, or contractor thereof.

h. **Concerning.** The term "concerning" means relating to, referring to, describing, pertaining to, evidencing or constituting.

i. **Control.** "Control" shall be defined so as to apply to any document, if you have the right to secure the document or a copy thereof from another person or public or private entity having actual possession thereof. If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identify the person in possession or custody. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

j. **All/Each.** The terms "all" and "each" shall be construed as all and each.

k. **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

l. **Number.** The use of the singular form of any word includes the plural and vice versa.

## CITY OF PHILADELPHIA'S RESPONSES

1. The City of Philadelphia objects to the production of documents in this category, if they exist, for the period 1995 – 2016, because this request is overly broad and seeks documents

containing information that is not reasonably calculated to lead to the discovery of admissible evidence.

No documents in this category exist for the period 1985 – 1995. **Supplemental response: The City is not able to ascertain if any documents in the categories described in this request ever existed. The City has no means to determine when and by whose authority any such documents, if they had existed, were destroyed.**

2. The City of Philadelphia objects to the production of documents in this category, if they exist, for the period 1995 – 2016, because this request is overly broad and seeks documents containing information that is not reasonably calculated to lead to the discovery of admissible evidence.

Training materials covering the seven listed topics from the period 1985 - 1995, if they existed, have been destroyed. **Supplemental Response: As outdated training materials are destroyed in bulk, the City is not able to determine if materials specifically addressing the seven listed topics existed, and there is no schedule of when and by whom the outdated training materials were destroyed.**

Also, no analyses, reports, correspondence and other writings from the period 1985 – 1995 relating to the seven listed topics exist. If any directive or memorandum regarding policies and procedures from the period 1985 – 1995 relating to the seven listed areas exist, they will be produced. **Supplemental Response: The PPD did not have a directive regarding the interrogations of suspects and interviews of witnesses until January 1, 2014 (referring to Requests 2.a – 2.c). The PPD did not have a directive for each of the topics described in Requests 2.d – 2.g.**

3. Nothing in these categories exist. **Supplemental Response: If documents in the categories described in this request existed, under the Management Review retention policy,**

p. D12360, such documents were destroyed three years after the calendar year the document was created. The City has no emails from the time period described in this request, as previously stated in response to the first request for production of documents. The Homicide Unit has no record of when and by whom such documents, if they existed, were destroyed.

4. The City of Philadelphia objects to the production of documents in this category, if they exist, for the period 1995 – 2016, because this request is overly broad and seeks documents containing information that is not reasonably calculated to lead to the discovery of admissible evidence.

Nothing in this category exists for the period 1985 – 1995.

**Supplemental Response: Research & Planning is looking into whether or not there exists such data or data analyses for the period 1985 – 1995.**

5. No records in this category exist. **Supplemental Response: See IAD retention policy, p. D12358. By way of further response, the City has no means to determine whether an investigation described in this request pertained specifically to officers and officials of the Homicide Unit.**

6. The City of Philadelphia objects to the production of documents in this category, if they exist, for the period 1995 – 2016, because this request is overly broad and seeks documents containing information that is not reasonably calculated to lead to the discovery of admissible evidence.

Nothing in this category exists for the period 1985 – 1995.

**Supplemental Response: See Supplemental Response to Request No. 5.**

7. The City of Philadelphia objects to the production of documents in this category, if they exist, for the period 1995 – 2016, because this request is overly broad and seeks documents

containing information that is not reasonably calculated to lead to the discovery of admissible evidence.

Nothing in this category exists for the period 1985 – 1995. **Supplemental Response: See PBI retention policy, p. D12359. By way of further response, the City has no means to determine whether an investigation described in this request pertained specifically to officers and officials of the Homicide Unit.**

8. The City of Philadelphia objects to the production of documents in this category, if they exist, for the period 1995 – present, because this request is overly broad and seeks data that is not reasonably calculated to lead to the discovery of admissible evidence.

If any statistical data for the period 1985 – 1995 exist for the identified subjects, such data will be produced.

9. a. No criminal court history record was found by the undersigned regarding Shawn Nixon (DOB 8-1-1975) and Gregory Alston (DOB 9-12-1976). A criminal court summary record was found for Thomas E. Floyd (DOB 12-8-1961) and Antonio Johnson (DOB 4-16-1975), which are being produced herewith.

b. The City of Philadelphia objects to this request, because it seeks documents containing information, if it exists, that is not reasonably calculated to lead to the discovery of admissible evidence.

c. The City of Philadelphia objects to this request, because it seeks documents containing information, if it exists, that is not reasonably calculated to lead to the discovery of admissible evidence.

10. Lieutenant Norman Davenport: Requests 1, 3, 4, 5, 6, and 7 as they relate to the PPD Homicide Unit.

  Lieutenant Barry Jacobs:  Requests 2 and 4 as they pertain to Research & Planning, directives and Commissioner's memoranda.

  Lieutenant Brad Lukach:  Requests 5, 6 and 8 as they relate to Internal Affairs.

  Lieutenant Tom Clarkson:  Request 2 as it pertains to in-service training materials.

  Sergeant Efrain Hernandez:  Request 2 as it pertains to recruit training materials.

  Common Pleas Case Management System:  Request 9.

*[signature]*
MATTHEW KEVIN HUBBARD
Senior Attorney

Dated: March 20, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY WRIGHT,  :  | CIVIL ACTION |
|---|---|
| Plaintiff, : | |
| : | |
| v.  : | NO.   2:16-cv-05020-GEKP |
| : | |
| CITY OF PHILADELPHIA, ET AL., : | **JURY TRIAL DEMANDED** |
| : | |
| Defendants. : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this date, the foregoing **City of Philadelphia's Supplemental Responses to Plaintiff's Second Set of Requests for Production of Documents and Things** was served by Email upon counsel for Plaintiff.

Dated:  March 20, 2017

_____
MATTHEW KEVIN HUBBARD
Senior Attorney