IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **ANTHONY WRIGHT,** | : | |
| *Plaintiff*, | : | **CIVIL ACTION** |
| v. | : | |
| | : | **No. 16-5020** |
| **CITY OF PHILADELPHIA et al.,** | : | |
| *Defendants*. | : | |

PRATTER, J.   APRIL 28, 2017

## MEMORANDUM

**I.   INTRODUCTION**

Mr. Wright sued the City of Philadelphia and a number of its former police department employees for constitutional violations arising out of his 1991 arrest, 1993 prosecution, and 25-year imprisonment for a rape and murder he did not commit. In 2016 a jury acquitted Mr. Wright of the rape and murder after a retrial which included DNA evidence not available at his initial trial.[1] In connection with his *Monell* claim against the City of Philadelphia, Mr. Wright seeks production of documents from the City for the period 1995 to 2016 related to: the (i) investigations of homicides; (ii) operation of the Homicide Unit; (iii) interrogation of suspects; (iv) interrogation of witnesses; (v) detention of witnesses; (vi) fabricating, tampering, and/or mishandling of evidence; (vii) planting of evidence; (viii) duty to properly investigate; (ix) duty to disclose exculpatory evidence; and (x) failure to consider exculpatory evidence.[2]

---

[1]   Because the Court writes primarily for the parties, a full recitation of the facts is not provided here. A more thorough recounting of the allegations in Mr. Wright's complaint is contained in the Court's opinion denying the Defendants' partial motion to dismiss. *See Wright v. City of Phila.*, --- F. Supp. 3d ---, 2017 WL 167970 (E.D. Pa. Jan. 17, 2017).

[2]   Mr. Wright also seeks an order compelling the City to produce certain Internal Affairs Division ("IAD") files pertaining to Detectives Augustine and Baker. Defendants' briefing does not materially address these requests. Because the Court finds that the potential pertinence of the

1

For the reasons that follow, the Court will grant in part and deny in part Mr. Wright's Motion to Compel.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery in a civil action:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

A party who has not received complete discovery can move for a court order compelling production. Fed. R. Civ. P. 37(a). The moving party bears the initial burden to prove that the requested discovery falls within the scope of discovery as defined by Rule 26(b)(1). *Williams v. CVS Caremark Corp.*, No. 15-5773, 2016 WL 4409190, at *4 (E.D. Pa. Aug. 18, 2016). If the moving party meets this initial burden, the burden then shifts to the opposing party to demonstrate that the requested discovery (i) does not fall within the scope of discovery contemplated by Rule 26(b)(1), or (ii) is not sufficiently relevant to justify the burden of producing the information. *Id.* (citation omitted).

## III. DISCUSSION

The City argues that the time period for which the documents are sought, from 1995 to 2016, is excessive because Mr. Wright's arrest occurred in 1991, his initial trial was in 1993, and his retrial happened in 2016. Accordingly, the City maintains that only three years are relevant

---

IAD files outweighs any potential burden on the part of the Defendants to produce the IAD files, the Court will grant Mr. Wright's motion to compel with respect to this request.

to Mr. Wright's allegations: 1991, 1993, and 2016. Mr. Wright argues that the entire 25-year time period—from Mr. Wright's arrest in 1991 to his retrial in 2016—is relevant because throughout this entire time period the City failed to take appropriate actions to address the alleged unconstitutional conduct, all to the disadvantage of Mr. Wright who continued to languish in jail or under the shadow of prosecution.

The information Mr. Wright seeks can be roughly separated into two buckets. First are materials implicating Mr. Wright's allegations both in connection with his initial arrest and prosecution as well as his retrial. Falling into this bucket is information related to the City's policies, customs, and training materials with regard to the (i) fabricating, tampering, and/or mishandling of evidence; (ii) duty to disclose exculpatory evidence; and (iii) failure to consider exculpatory evidence. Second are materials only implicating Mr. Wright's allegations concerning the initial investigation of Mr. Wright in 1991. Falling into this bucket is information related to the City's policies, customs, and training materials with regard to the (i) investigations of homicides; (ii) operation of the Homicide Unit; (iii) interrogation of suspects; (iv) interrogation of witnesses; (v) detention of witnesses; (vi) planting of evidence; and (vii) duty to properly investigate. Mr. Wright is entitled to *Monell* discovery into the first bucket of information implicating his 2016 retrial; he is not entitled to *Monell* materials as to the second bucket of information implicating only the 1991 investigation of Mr. Wright.

### A. Materials Related to the 2016 Retrial

This case presents an atypical timeline with respect to Mr. Wright's *Monell* claim against the City. Mr. Wright alleges that the City's policies, customs, procedures, and failure to adequately train and/or discipline its employees resulted in the violations of his constitutional rights during two distinct time periods—his initial arrest/prosecution and his retrial. To

ultimately succeed on his *Monell* claim, Mr. Wright will have to demonstrate that the City was deliberately indifferent to the "known or obvious consequences" of its actions or inactions. *Berg v. Cty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000).

The document categories Mr. Wright seeks that pertain to his 2016 retrial are sufficiently relevant to Mr. Wright's *Monell* claim as to bring them within the orbit of Rule 26. For example, Mr. Wright alleges that the District Attorney's Office based its decision to retry him on certain of the defendant officers' repeated assertions that the evidence they gathered was not fabricated and that the statements they took were not coerced. Moreover, Mr. Wright alleges that at his retrial, just as during his initial trial, (i) the Defendants denied him exculpatory evidence, (ii) the Defendants failed to properly consider the exculpatory information available to them, and (iii) certain defendants again testified and used fabricated evidence and coerced statements against him. Mr. Wright is entitled to *Monell* discovery to investigate (i) what actions, if any, the City took between his initial prosecution and his subsequent trial to address the alleged unconstitutional practices, and (ii) the prevalence, or absence, of complaints regarding similar instances of unconstitutional conduct.

**B.     Materials Related Only to the Initial Investigation of Mr. Wright**

Mr. Wright argues, based on *Beck v. City of Pittsburgh*, 89 F.3d 966 (3d Cir. 1996), that evidence of the City's policies and procedures post-dating the initial investigation of Mr. Wright have "evidentiary value" for determining whether the City "had a pattern of tacitly approving" the Defendants' allegedly unconstitutional investigation. *Id.* at 972. The discovery sought by Mr. Wright, however, is not similar to the evidence in *Beck* that the Third Circuit Court of Appeals determined to have evidentiary value. The materials the *Beck* court determined had "evidentiary value" were specific civilian complaints submitted approximately three months after

4

the occurrence of the incident giving rise to the lawsuit. *Id.* at 969-70. In contrast, Mr. Wright seeks materials related to the City's policies and procedures, as well as the production complaints of a similar nature, from four to 15 years after the Defendants in this case conducted their allegedly unconstitutional investigation. While *Beck* does not delineate an outer limit for how much time must elapse before evidence no longer has "evidentiary value," it is clear that the *Beck* court was influenced by the temporal proximity of the civilian complaints to the events at issue. *See id.* at 973 ("Because the complaints, especially those during the year 1991, came in a narrow period of time and were of similar nature, a reasonable jury could have inferred that the Chief of Police knew, or should have known, of [the police officer's] propensity for violence when making arrests.").

Mr. Wright is not entitled to *Monell* discovery for the 1995 to 2016 time period for document categories relevant only to the Defendants' conduct in connection with the initial investigation of Mr. Wright. The events resulting in the constitutional injuries allegedly suffered by Mr. Wright as a consequence of the Defendants' initial investigation, including their alleged unconstitutional interrogations and illegal planting of evidence, occurred only in 1991. The individual defendants, who had all retired by the time of Mr. Wright's 2016 retrial, did not re-investigate the murder, did not re-interview and/or detain Mr. Wright or any witnesses, and did not re-plant any evidence.[3] Mr. Wright has not met his burden to demonstrate how the City's policies and procedures from 1995 to 2016 as to these topics are sufficiently related to the Defendants' 1991 conduct as to be properly considered "proportional" to the needs of this case. *See, e.g.*, *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997)

---

[3] The Court is cognizant of the fact that the Defendants' utilized the information obtained from their allegedly illegal investigation of Mr. Wright in making the decision to retry Mr. Wright and in prosecuting him a second time. However, materials related to the continued use of the allegedly illegally obtained evidence is covered by the discovery the Court is compelling the City to produce.

5

(explaining that to succeed on a *Monell* claim a plaintiff "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights").[4]

IV. CONCLUSION

For the foregoing reasons, Mr. Wright's Motion to Compel is granted in part and denied in part.

* * *

An appropriate order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[4] The Court is mindful of Mr. Wright's concern over the City's alleged inability to produce any *Monell* discovery for the period 1985 to 1994. *See* City of Philadelphia's Supplemental Responses to Plaintiff's Second Set of Requests for Production of Documents, Doc. No. 46, Ex. B. Should Mr. Wright develop a good faith basis to believe that such material exists, and has simply been withheld, he is free to move the Court for an order compelling such discovery. However, the apparent fact of the lack of available evidence pertaining to the earlier time period does not entitle Mr. Wright to the requested discovery for the later time period.