IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| ANTHONY WRIGHT, | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 16-5020 |
| CITY OF PHILADELPHIA et al., | : | |
| *Defendants*. | : | |

## ORDER

**AND NOW**, this 28th day of April, 2017, upon consideration of Plaintiff's Motion to Compel (Doc. No. 46), Defendants' filings in opposition (Doc. Nos. 47, 49), and Plaintiff's Reply in Support (Doc. No. 51), **it is HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Compel (Doc. No. 46) is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's Motion is **GRANTED** such that the City of Philadelphia shall produce copies of the following documents to Plaintiff's counsel:

    a. Philadelphia Police Department ("PPD") directives, training materials, memoranda, analyses, reports, correspondence, and other writings from the period 1995-2016 that relate to the fabrication of or tampering with evidence; the mishandling of evidence; and the disclosure of exculpatory information.

    b. All Internal Affairs Division ("IAD") investigations and proceedings from 1995-2016 relating to civilian or internal complaints against PPD officers and officials of the PPD Homicide Unit asserting fabrication of evidence; tampering with evidence; failure to consider exculpatory evidence; and failure to disclose exculpatory information.

    c. All Police Board of Inquiry ("PBI") investigations and proceedings from 1995-2016 relating to civilian or internal complaints against PPD officers and officials of the PPD Homicide Unit asserting fabrication of evidence; tampering with evidence; failure to consider exculpatory evidence; and failure to disclose exculpatory information.

    d. All statistical data for the period 1995 to the present maintained by the PPD and the City of Philadelphia related to IAD complaints maintained by the PPD for

      (i) complaints related to falsification, and (ii) complaints related to the allegations of police misconduct as described in the Complaint in this matter.

    e. The complete IAD files relating to: (i) a 2006 sustained complaint against Detective Augustine relating to the use of cocaine; (ii) a 1996 unsustained complaint against Detective Augustine alleging physical abuse; and (iii) a 1998 partially sustained complaint against Detective Baker for violations of constitutional rights.

3. **Within seven (7) days** of the entry of this Order on the public docket, the parties shall meet and confer to discuss an appropriate timeline for the production of the above-referenced document categories. If the parties are unable to reach an agreement on a timeline for production, the parties shall submit to the Court a joint letter, not to exceed two (2) pages, with their respective positions **within fourteen (14) days** of the entry of this Order on the public docket.

4. Plaintiff's Motion is **DENIED** with regard to all other document categories sought.

                                        BY THE COURT:

                                        S/Gene E.K. Pratter
                                        GENE E.K. PRATTER
                                        UNITED STATES DISTRICT JUDGE